## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| POWERWAVE TECHNOLOGIES, INC.,[1] ) | Case No. 13-10134 (MFW) |
| ) | |
| Debtor.  ) | |
| ) | |

### NOTICE OF ASSUMPTION AND ASSIGNMENT

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

      1.    On **March 4, 2013**, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"),[2] pursuant to sections 105(a), 363, 365, 503, 506, 507 and 552 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Rule 6004-1, in the chapter 11 case of the above-captioned debtor and debtor in possession (the "Debtor") approving, among other things, the fixing of cure amounts (the "Cure Amounts") related to the Debtor's assumption, assignment and/or transfer of certain executory contracts, unexpired leases, and other agreements (the "Assumed Agreements") listed on **Exhibit A** annexed hereto in connection with the sale of certain of the Debtor's assets (the "Powerwave Assets"). The Debtor will assume, assign, and/or transfer the Assumed Agreements to the Successful Bidder or Back-Up Bidder for the Powerwave Assets under the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court and attached to the Bidding Procedures Order as Schedule 1.

      2.    The Debtor believes that any and all defaults (other than the filing of these Chapter 11 Cases) and actual pecuniary losses under the Assumed Agreements can be cured by the payment of the Cure Amounts listed on **Exhibit A** annexed hereto.

      3.    Any objections to (i) the assumption, assignment and/or transfer of an Assumed Agreement, or (ii) the amount asserted as the Cure Amount (each, a "Cure Amount/Assignment Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Assumed Agreement (the "Claimed Cure Amount"). In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder or Back-Up Bidder not set forth in the original Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

---

[1]    The last four digits of the Debtor's federal tax identification number are 3423.
[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

4. To be considered a timely Cure Amount/Assignment Objection, the Cure Amount/Assignment Objection must be filed with the Bankruptcy Court and served upon counsel for the Debtor, Proskauer Rose LLP, 70 West Madison Street, Suite 3800, Chicago, Illinois 60602, Attn: Mark K. Thomas and Peter J. Young; (ii) counsel for the Committee, Sidley Austin LLP, 787 7th Avenue, New York, New York 10019, Attn: Brian J. Lohan and Michael G. Burke; and (iii) counsel for the Prepetition Agent, Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, TX 75201, Attn: Martin A. Sosland and Joseph H. Smolinsky (collectively, the "Notice Parties"), by the later of (i) 5:00 p.m. (prevailing Eastern Time) on **April 3, 2013**; or (ii) ten (10) days after service of the relevant Supplemental Notice of Assumption and Assignment (the "Cure/Assignment Objection Deadline").

5. If a Cure Amount/Assignment Objection is timely filed, the Debtor may, in its sole discretion, resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court. In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection, a hearing with respect to that objection shall be held before the Honorable Mary Walrath in the United States Bankruptcy Court District of Delaware, 824 N. Market St., Wilmington, DE 19801 either at **April 10, 2013**, or at such date and time as the Debtor may schedule with the Court.

6. Unless the Cure Amount/Assignment Objection is timely filed and served, the assumption, assignment and/or transfer of the applicable Assumed Agreement will proceed without further notice at the hearing to approve the sale of the Powerwave Assets.

7. Parties that fail to file and serve timely Cure Amount/Assignment Objections shall be deemed to have waived and released any and all rights to assert against the Debtor, the Successful Bidder or Back-Up Bidder cure amounts different from the Cure Amounts listed on **Exhibit A** hereto and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or Back-Up Bidder, or any assignee of any Assumed Agreement that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assumed Agreement.

8. The Debtor, the Successful Bidder or the Back-Up Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease from the list of Powerwave Assets no later than one (1) business day prior to the Sale Hearing, or, if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such contract is greater than the Cure Amount proposed by the Debtor, no later than five (5) business days following the Court's determination. The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

9. If no Cure Amounts are due under an Assumed Agreement, and the non-debtor party to the Assumed Agreement does not otherwise object to the Debtor's assumption, assignment and/or transfer of the Assumed Agreement, no further action needs to be taken on the part of that non-debtor party.

10. Copies of the Bidding Procedures Order and other relevant documents are posted on: (a) the Court's website, http://ecf.deb.uscourts.gov; and (b) the case management website maintained by Kurtzman Carson Consultants LLC, noticing and claims agent for the Debtor, http://www.kccllc.net/Powerwave.

The Debtor's decision to sell, assign and/or transfer to the Successful Bidder or Back-Up Bidder the Assumed Agreements is subject to Court approval and the Closing. Accordingly, absent such Closing, the Assumed Agreements shall not be deemed to be sold, assigned and/or transferred, and shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assumed Agreements shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved). Nor shall the inclusion of any document constitute an admission of liability by the Debtor or its estate.

<table>
<tr><td>Dated: March 27, 2013<br>Wilmington, Delaware</td><td>**POTTER ANDERSON & CORROON LLP**<br><br>*/s/ R. Stephen McNeill*<br>Laurie Selber Silverstein (DE Bar No. 2396)<br>Jeremy W. Ryan (DE Bar No. 4057)<br>R. Stephen McNeill (DE Bar No. 5210)<br>1313 North Market Street, Sixth Floor<br>P.O. Box 951<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br><br>-and-<br><br>**PROSKAUER ROSE LLP**<br>Mark K. Thomas<br>Peter J. Young<br>Three First National Plaza<br>70 West Madison, Suite 3800<br>Chicago, IL 60602-4342<br>Telephone: (312) 962-3550<br>Facsimile: (312) 962-3551<br><br>-and-<br><br>**PROSKAUER ROSE LLP**<br>Jared Zajac<br>Eleven Times Square<br>New York, NY 10036-8299<br>Telephone: (212) 969-3000<br>Facsimile: (212) 969-2900<br><br>*Counsel for Debtor and Debtor in Possession*</td></tr>
</table>