**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 7 |
|  | : |  |
| POWERWAVE TECHNOLOGIES, INC., | : | Case No. 13-10134 (MFW) |
|  | : |  |
| Debtor. | : | **Hearing Date: September 18, 2013 @ 2:00 p.m. ET** |
|  | : | **Obj. Deadline: September 11, 2013 @ 4:00 p.m. ET** |

**APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CIARDI CIARDI & ASTIN AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO JULY 22, 2013**

Charles A. Stanziale, Jr., Chapter 7 Trustee (the "Chapter 7 Trustee") for Powerwave Technologies, Inc. (the "Debtor"), hereby submits this application (the "Application") for entry of an order authorizing him to retain and employ Ciardi Ciardi & Astin ("Ciardi") as special counsel, *nunc pro tunc* to July 22, 2013, pursuant to Sections 327(a) and 328 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules"). In support of the Application the Chapter 7 Trustee respectfully represents as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**Background**

2.    On January 28, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

ME1 16138019v.1

3.    On May 30, 2013, the Debtor filed a motion to, among other things, convert the above-captioned case to a case under Chapter 7 of the Bankruptcy Code.

4.    On June 11, 2013 (the "Conversion Date"), an Order was entered converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

5.    On June 11, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the interim Chapter 7 Trustee in the Debtor's bankruptcy case.  The Chapter 7 Trustee continues to serve as trustee pursuant to Section 702(d) of the Bankruptcy Code.

6.    The Chapter 7 Trustee has determined, subject to this Court's approval, that it would be in the best interests of the Debtor's estate to retain Ciardi as his special counsel in connection with the above-captioned case.

### Relief Requested

7.    By this Application, pursuant to sections 327 and 328 of the Bankruptcy Code, the Chapter 7 Trustee seeks an order approving the employment and retention of Ciardi as his special counsel, *nunc pro tunc* to July 22, 2013.

8.    Section 327(a) of the Bankruptcy Code provides, in relevant part, that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).

9.    Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

ME1 16138019v.1

10.     The Chapter 7 Trustee has selected Ciardi because it is highly experienced in bankruptcy law and related areas of law such as commercial litigation and transactional matters and is thoroughly competent and qualified to act as his attorneys.  In particular, Ciardi has developed expertise in the representation of chapter 7 and chapter 11 trustees.  In addition, the Chapter 7 Trustee believes that Ciardi has no disqualifying conflict of interest.  Ciardi has advised the Chapter 7 Trustee that Ciardi may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the above-captioned cases, entities that are claimants of the Debtor or other parties-in-interest.  Ciardi has not – except as disclosed in the Declaration (defined below) – and will not represent any such parties, or any of their affiliates or subsidiaries, in relation to the above-captioned case.

11.     The services Ciardi may be required to render for the Chapter 7 Trustee include, without limitation, the following:

a.     advise the Chapter 7 Trustee in connection with cash collateral issues;

b.     participate in negotiations between the Chapter 7 Trustee and the Debtor's lenders; and

c.     perform other legal services as may be necessary and appropriate in the interests of the Debtor's estates and as requested by the Chapter 7 Trustee.

12.     The Chapter 7 Trustee intends to work closely with Ciardi and any other retained professionals that are involved (or may become involved) in these cases to ensure that there is no unnecessary duplication of services performed or charged to the estates.

13.     Ciardi has stated its desire and willingness to act in these cases and to render the necessary professional services as special counsel to the Chapter 7 Trustee.  Furthermore, to the best of the Chapter 7 Trustee's knowledge, except as set forth in the Declaration of  Daniel K. Astin, Esquire (the "Declaration") in support of this Application, which is attached hereto as

ME1 16138019v.1

**Exhibit A**, (i) Ciardi does not have any connection with the Debtor, its creditors, or any other party in interest in this case; (ii) Ciardi does not hold or represent any interest adverse to the Debtor's estate; and (iii) Ciardi is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

14.    The Chapter 7 Trustee requests that Ciardi be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Ciardi incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered and in accordance with the rules and orders of the Court concerning compensation and reimbursement of expenses on an interim basis.  Ciardi has advised the Chapter 7 Trustee that Ciardi will maintain detailed records describing the services rendered and the time spent, and any necessary expenses incurred, in rendering such professional services to the Chapter 7 Trustee.  The customary and current standard hourly rates charged by Ciardi for the services to be rendered to the Trustee range from $250 to $600 per hour for attorneys and from $120 to $180 per hour for paraprofessionals.  The Chapter 7 Trustee submits that Ciardi's customary hourly rates are reasonable.

## Notice

15.    Notice of this Motion has been provided to (i) counsel to the Agent, (ii) the Office of the United States Trustee for the District of Delaware, and (iii) those parties who have filed a notice of appearance and request for service of pleadings in the Debtor's Chapter 7 case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Chapter 7 Trustee submits that no other or further notice is necessary or required.

ME1 16138019v.1

## Conclusion

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court (i) enter an order authorizing the retention of Ciardi Ciardi & Astin as special counsel in connection with the above-captioned case, *nunc pro tunc* to July 22, 2013, and (ii) granting such other and further relief to the Chapter 7 Trustee as the Court may deem just and proper.

Dated:  August 27, 2013
      Wilmington, Delaware

McCARTER & ENGLISH, LLP

By: */s/ William F. Taylor, Jr.*
William F. Taylor, Jr. (DE #2936)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone 302.984.6300
Facsimile 302.984.6399
wtaylor@mccarter.com

- *and* -

Charles A. Stanziale, Jr.
Clement Farley
Jeffrey T. Testa
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

*Attorneys for the Chapter 7 Trustee*

5

ME1 16138019v.1