IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 13-10134 (MFW) |
| POWERWAVE TECHNOLOGIES, INC., | Chapter 7 |
| Debtor. | |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Powerwave Technologies, Inc., | Adv. Proc. No. _____ (MFW) |
| Plaintiff, | |
| v. | |
| TAFAPOLSKY & SMITH LLP, | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO
11 U.S.C. §§ 547 AND 550 AND TO DELAY OR TO
<u>DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502</u>**

Plaintiff Charles A. Stanziale, Jr. (the "<u>Trustee</u>"), in his capacity as the Chapter 7 Trustee of Powerwave Technologies, Inc., by and through his attorneys McCarter & English, LLP, as and for his Complaint against defendant Tafapolsky & Smith LLP (the "<u>Defendant</u>") to avoid, recover and preserve preferential transfers pursuant to sections 547 and 550 of the United States Bankruptcy Code, and to delay or to disallow any claims held by the Defendant pursuant to section 502(d) of the United States Bankruptcy Code, respectfully alleges as follows:

**I.     Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. The Bankruptcy Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a) because this is a proceeding relating to and arising under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and the above-captioned chapter 7 case.

5. This action is brought as an adversary proceeding pursuant to Bankruptcy Rule 7001.

## II.  Background

6. Powerwave Technologies, Inc. ("Powerwave" or the "Debtor") was a global supplier of end-to-end wireless solutions for wireless communications networks, PTI designs, manufactures and markets antennas, boosters, combiners, cabinets, shelters, filters, radio frequency power amplifiers, repeaters, tower-mounted amplifiers, remote radio head transceivers and advanced-coverage solutions for use in cellular, personal communications services, 3G and 4G networks throughout the world, and had a principal place of business at 1801 East St. Andrew Place, Santa Ana, California 92705.

7. On January 28, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

8. On May 30, 2013, the Debtor filed a motion to, among other things, convert the above-captioned case to a case under Chapter 7 of the Bankruptcy Code.

9. On June 11, 2013, an Order was entered converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

10. On June 11, 2013, a Notice of Appointment was filed by the Office of the United States Trustee appointing Charles A. Stanziale, Jr. as Chapter 7 Trustee with regard to the Debtor's case.

11. At all relevant times, the Defendant provided prepetition services to Powerwave and was a vendor to or creditor of Powerwave.

### III.    Parties

12. The Trustee is the duly appointed, qualified, and serving Trustee of Powerwave. The Trustee has standing and all due authority to bring the claims contained herein on behalf of the Debtor's estate pursuant to 11 U.S.C. §§ 105, 547 and 550 of the Bankruptcy Code.

13. Powerwave is a Delaware limited liability company.

14. Upon information and belief, the Defendant is a business entity with a principal place of business at 90 New Montgomery Street, 8th Floor, San Francisco, CA 94105.

### IV.    The Transfers

15. At or within 90 days prior to the Petition Date, Powerwave made certain preferential transfer(s) to or for the benefit of the Defendant in the aggregate amount of $25,265.00 as set forth in Exhibit A attached hereto (individually or collectively referred to as the "Transfers").

16. The Transfers were made in connection with legal services provided by the Defendant to the Debtor.

17. Exhibit A reflects the Trustee's current knowledge of all transfers made by or for the benefit of Powerwave to Defendant during the 90-day period immediately preceding the Petition Date and immediately subsequent to the Petition Date on account of pre-petition claims in the aggregate amount of $25,265.00. During the course of this proceeding, the Trustee may

learn of additional transfers made to Defendant during the 90-day period immediately preceding the Petition Date or subsequent to the Petition Date not authorized under the Bankruptcy Code or approved by this Court. It is the Trustee's intention to avoid and recover all such transfers, whether such transfers presently are reflected on <u>Exhibit A</u> or not, and the Trustee reserves all rights to supplement and amend the allegations of this Complaint accordingly.

18.     On or about June 20, 2014, counsel to the Trustee sent a demand letter to Defendant demanding the return of the Transfers to the Debtor's estate. As of the date hereof, the Defendant has failed and refused to return the Transfers to the Debtor's estate.

## **FIRST CLAIM FOR RELIEF**

**(Avoidance of Transfers Pursuant to 11 U.S.C. § 547)**

19.     The Trustee repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

20.     At or within 90 days prior to the Petition Date, Powerwave made the Transfers to the Defendant as set forth in <u>Exhibit A</u> attached hereto.

21.     The Transfers were made on account of prior contractual obligations or invoices owed by Powerwave to Defendant before the Transfers were made.

22.     The Transfers were made in payment of goods sold or services provided by Defendant to Powerwave.

23.     The goods or services paid for by each of the Transfers were provided by Defendant to Powerwave before each Transfer was made.

24.     The Transfers constitute a transfer of an interest in property of Powerwave within the meaning of section 101(54) of the Bankruptcy Code.

25. The Transfers were made while Powerwave was insolvent. Pursuant to 11 U.S.C. § 547(f), Powerwave is presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

26. Each of the Transfers was to or for the benefit of the Defendant.

27. The Transfers constitute a transfer or transfers of an interest or interests in the Debtor's property or of the Debtor's interest in property.

28. The Transfers enabled the Defendant to receive more than the Defendant would have received in the Cases if: (i) the Transfers had not been made; and (ii) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

29. The Transfers constitute transfers which the Trustee is entitled to avoid pursuant to Section 547(b) of the Bankruptcy Code.

30. The Defendant was the initial transferee of all of the Transfers and/or the entity for whose benefit some or all of the Transfers were made or was an immediate or mediate transferee of such initial transferee.

31. Based upon the foregoing, the Trustee is entitled to an order and judgment against Defendant: avoiding the Transfers under Bankruptcy Code section 547(b) of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order or judgment.

## SECOND CLAIM FOR RELIEF

**(Recovery and Preservation of Transfers Pursuant to 11 U.S.C. § 550)**

32. The Trustee repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

33. The Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made or was an immediate or mediate transferee of such initial transferee.

34. Pursuant to § 550 of the Bankruptcy Code, the Trustee may recover and preserve the Preferential Transfers or the value thereof from the Defendant for the benefit of the Debtor's estate.

35. The total amount of the Transfers within 90 days of the Petition Date are set forth in <u>Exhibit A</u> attached hereto.

36. Based upon the foregoing, the Trustee is entitled to an order and judgment against Defendant: recovering the Transfers or the value of the Transfers from Defendant under section 550 of the Bankruptcy Code, together with the award of pre and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order or judgment.

## **THIRD CLAIM FOR RELIEF**

**(Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

37. The Trustee repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

38. As alleged herein, Defendant is a transferee of Transfers avoidable under section 547, which property can be recovered under section 550 of the Bankruptcy Code.

39. Defendant has not paid or surrendered to the Trustee the alleged voidable Transfers or the value of the Transfers for which Defendant is liable under section 550 of the Bankruptcy Code.

40. Defendant has filed at least one proof of claim or, alternatively, the Debtor has scheduled Defendant as holding at least one claim.

41. Pursuant to section 502(d) of the Bankruptcy Code, any and all scheduled claims or filed claims of Defendant against the Debtor must be disallowed or payment on such claims must be delayed until such time as Defendant pays the Trustee the amount equal to the aggregate amount of the Transfers, plus interest thereon.

## RESERVATION OF RIGHTS

42. The Trustee reserves the right to bring all other claims or causes of action that the Trustee might have against the Defendant, on any and all grounds, as allowed under law or in equity. Nothing contained in this Complaint shall be construed as a waiver of the Trustee's rights to object to any proof of claim filed by the Defendant on any and all grounds, and the Trustee reserves the right to object, on any and all grounds, to any proof of claim asserted by the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests the following:

(1) On the First Claim for Relief, judgment in the Trustee's favor and against Defendant, avoiding the Transfers and directing Defendant to return to the Trustee the amount of the Transfers, pursuant to 11 U.S.C. § 547(b), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees and costs;

(2) On the Second Claim for Relief, judgment in the Trustee's favor and against Defendant, recovering the Transfers and directing Defendant to return to the Trustee the amount of the Transfers, pursuant to 11 U.S.C. § 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees and costs;

  (3) On the Third Claim for Relief, judgment in the Trustee's favor and against Defendant disallowing or delaying payment on any claims of the Defendant pursuant to 11 U.S.C. § 502(d), whether listed on the Debtor's Schedules or asserted by filing a proof of claim, until Defendant pays the value of the Transfers to the Trustee; and

  (4) Granting the Trustee such other and further relief as the Bankruptcy Court deems just and proper.

Dated: January 26, 2015　　　　　　　　**McCARTER & ENGLISH, LLP**
   Wilmington, Delaware

             By: */s/ William F. Taylor, Jr.*
             William F. Taylor, Jr. (DE #2936)
             Kate Buck
             Renaissance Centre
             405 N. King Street, 8th Floor
             Wilmington, DE 19801
             Telephone 302.984.6300
             Facsimile 302.984.6399
             wtaylor@mccarter.com

               *- and -*

             Charles A. Stanziale, Jr.
             Clement Farley
             Jeffrey T. Testa
             Four Gateway Center
             100 Mulberry Street
             Newark, NJ 07102
             Telephone: (973) 622-4444

             *Counsel to the Chapter 7 Trustee*