## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| POWERWAVE TECHNOLOGIES, INC., | : | Case No. 13-10134 (MFW) |
| | : | |
| Debtor. | : | **Hearing Date: May 8, 2019 at 2:00 p.m.** |
| | : | **Obj. Deadline: April 11, 2019 at 4:00 p.m.** |
| CHARLES A. STANZIALE, JR., in his capacity as the Chapter 7 Trustee of Powerwave Technologies, Inc., | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| SUPERIOR TECHNICAL RESOURCES | : | Adv. Proc. No. 15-50085 (MFW) |
| | : | |
| Defendant. | : | |

### TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT OF ASSERTED PREFERENCE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "Trustee" or the "Plaintiff"), in his capacity as the Chapter 7 Trustee of the estates of Powerwave Technologies, Inc. (the "Debtor"), by and through his undersigned counsel, hereby moves this Court for entry of an Order Approving Settlement of Asserted Preference Claims Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

### JURISDICTION, VENUE, PREDICATES FOR RELIEF

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicate for the relief requested herein is Bankruptcy Rule 9019.

### BACKGROUND

4. On January 28, 2013 (the "Petition Date"), the Debtor filed a voluntary petition

ME1 28501990v.2

for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

5.     On June 11, 2013, this Court entered an Order converting the Debtor's chapter 11 bankruptcy case to one under chapter 7 of the Bankruptcy Code [Docket No. 599].

6.     Also on June 11, 2013, a Notice of Appointment was filed by the Office of the United States Trustee appointing Charles A. Stanziale, Jr. as the Trustee with regard to the Debtor's case.

7.     On July 23, 2013, the Bankruptcy Court entered an Order authorizing the employment of McCarter & English as counsel to the Trustee *nunc pro tunc* to June 11, 2013.

8.     In accordance with his duties under the Bankruptcy Code, the Trustee along with his retained professionals investigated the estates' potential causes of action to avoid transfers pursuant to section 547 of the Bankruptcy Code.

9.     Between January 23, 2015, and January 27, 2015, the Trustee, through his retained counsel, filed a total of ninety-three (93) adversary complaints in the Bankruptcy Court against transferees seeking to avoid and recover preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code.

10.     Subsequent to commencing litigation, the Trustee has settled, subject to Bankruptcy Court approval, asserted preference claims against the non-insider entity of Superior Technical Resources ("STR") (the "Preference Claim Settlement").

11.     The Trustee seeks Bankruptcy Court approval for the Preference Claim Settlement.  The Preference Claim Settlement is contingent upon entry of a non-appealable order approving the Preference Claim Settlement (the "Settlement Approval Order").

12.     The alleged preference payments are related to goods and services STR provided

to the Debtor pursuant to the "Subcontractor Agreement Relating to WMATA Subway Project".
STR has asserted ordinary course and new value defenses. The Plaintiff caused discovery to be
served, reviewed the responses and analyzed STR's defenses.

## SUMMARY OF THE PREFERENCE CLAIM SETTLEMENT[1]

13.     In full and final settlement of the potential avoidance action against STR, wherein
the Trustee sought the avoidance and recovery of $381,336.55, STR shall pay the sum of
$60,000.00 (the "Settlement Payment") to the Trustee for the benefit of the Debtor's estate and
its creditors, within five (5) business days of receipt by STR or STR's counsel of Settlement
Approval Order. On the Effective Date (as defined in the settlement agreement with STR), STR
and the Trustee each grant and accept mutual releases of any and all related claims as more fully
set forth in the settlement agreement between the parties, and STR shall be deemed to have
waived its right to file a §502(h) claim relating to the Settlement Payment.

## RELIEF REQUESTED

14.     By this Motion, the Trustee seeks entry of an order, substantially in the form of
the Proposed Form of Order, approving the Preference Claim Settlement.

15.     Bankruptcy Rule 9019 governs the approval of compromises and settlements, and
provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a
> compromise or settlement. Notice shall be given to creditors, the United States
> trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any
> other entity as the court may direct.

Fed. R. Bankr. P. 9019.

16.     The settlement of time-consuming and burdensome litigation, especially in the
bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives,*

---

[1] This summary is included solely for ease of reference but is in no way controlling over terms contained in the
respective settlement agreements.

*Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

17.     In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

18.     The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

19.     Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296.  In

ME1 28501990v.2

making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

20.     In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

21.     The Trustee believes that the Preference Claim Settlement rises well above the "lowest point in the range of reasonableness." Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the Preference Claim Settlement.[2] The Court should therefore approve the Preference Claim Settlement

---

[2] The Trustee believes that the Preference Claim Settlement does not present any issues regarding the second *Martin* factor (consisting of likely difficulties in collection). Therefore, this factor weighs neither in favor nor against approval of the settlement agreement.

5

pursuant to Bankruptcy Rule 9019 and applicable law.

**Probability of Success in Litigation**

22.    Absent the Preference Claim Settlement, the claim would have to be litigated with no assurances of favorable outcomes for the Debtor's estate.  The resolution of the claim under the terms and conditions of the Preference Claim Settlement is a favorable outcome for the Debtor's estate and its creditors because the resolution will save the Debtor's estate from incurring significant attorneys' fees and expenses in any attendant litigation and protect the Debtors from the risk of an unfavorable outcome.  Indeed, the Trustee evaluated and considered the merits of any affirmative defenses asserted by the Settling Party when entering into the Preference Claim Settlement.

**Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

23.    The claim involves sufficiently complex legal and factual issues regarding the alleged transfers that may be avoidable under chapter 5 of the Bankruptcy Code, which could potentially require protracted litigation.  Among other things, litigation would be expensive for the Debtor's estate.  The Preference Claim Settlement avoids these obstacles in favor of a prompt and efficient resolution without the need to expend further estate resources.

**Paramount Interest of Creditors**

24.    Finally, entry into the Preference Claim Settlement also serves the paramount interest of the creditors of the Debtor's estate.  Resolution of the claims through the Preference Claim Settlement represents a successful outcome for the Debtor's creditors by obviating the need for potentially protracted litigation and the expenses necessarily attendant to such litigation. The resolution of this matter will allow the Trustee to focus on the final investigation of claims and other administrative matters as he prepares to bring this complex proceeding to a close. The

fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Preference Claim Settlement.

25.    Based on the foregoing, the Trustee submits that approval of the Preference Claim Settlement is in the best interests of the Debtor's estate and its creditors because it eliminates the possibility of any protracted litigation with the Settling Party, eases the administrative burden on this estate, and provides for a meaningful recovery for the benefit of the Debtor's estate and its creditors. The Preference Claim Settlement therefore represent a compromise between the parties that is fair and equitable and in the best interests of the Debtor's estate and its creditors.

## NOTICE

26.    The Trustee has served this Motion on the United States Trustee, the Settling Party, and parties who are required notice under Bankruptcy Rule 2002.

27.    No prior request for the relief sought herein has been made to any court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Preference Claim Settlement and granting such other and further relief as the Court deems just and equitable.

Dated: March 28, 2019          **McCARTER & ENGLISH, LLP**
      Wilmington, Delaware

By: */s/ Kate Roggio Buck*
Kate Roggio Buck, Esq. (DE # 5140)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone:  (302) 984-6300
Facsimile:  (302) 984-6399
kbuck@mccarter.com

*- and -*

ME1 28501990v.2

Jeffrey T. Testa, Esq.
James A. Kellar, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
jtesta@mccarter.com
jkellar@mccarter.com

*Attorneys for the Chapter 7 Trustee*